108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Pedro Rafael MEDRANO, Defendant-Appellant.
 No. 96-1432.
 United States Court of Appeals, Second Circuit.
 March 24, 1997.
 
 Appearing for Appellant: Pedro Rafael Medrano, pro se, Morgantown, West Virginia.
 Appearing for Appellee: Susan Corkery, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York.
 Before FEINBERG, CARDAMONE and WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Pedro Rafael Medrano, pro se, appeals from Judge Hurley's denial of Medrano's motions for a new trial pursuant to Federal Rule of Criminal Procedure 33 and for an evidentiary hearing concerning the Rule 33 motion. Appellant also appeals from Judge Hurley's denial of Medrano's motion for reconsideration of the order denying a new trial.
 
 
 4
 In 1991, Medrano was convicted by a jury of importing cocaine to the United States in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(1)(B)(ii), and of possessing cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II). The evidence showed that Medrano, after arriving at John F. Kennedy Airport in New York City aboard a flight from Cali, Colombia, was carrying two bottles of rum that contained liquid cocaine worth an estimated $26,000 at New York wholesale prices. Medrano was sentenced by Judge Hurley to 97 months imprisonment and five years supervised release.
 
 
 5
 In 1994, Medrano filed the present motions for a new trial, basing his claim in part on the assertion of newly discovered evidence. The new evidence--which consists of newspaper clippings and a letter from an individual associated with the duty-free shop at the Cali airport--purports to bolster Medrano's defense that he purchased the two bottles of rum at the duty-free shop and was unaware that the two bottles contained cocaine. Medrano asserts that the new evidence supports his claim that a receipt for the purchased rum introduced at trial was authentic and undermines the government's theory that the receipt was fake.
 
 
 6
 We review a district court's denial of a Rule 33 motion for a new trial only for abuse of discretion. United States v. Wong, 78 F.3d 73, 78 (2d Cir.1996). "Because motions for a new trial are disfavored in this Circuit the standard for granting such a motion is strict; that is, newly discovered evidence must be of a sort that could, if believed, change the verdict." United States v. Gambino, 59 F.3d 353, 364 (2d Cir.1995), cert denied, 116 S.Ct. 1671 (1996).
 
 
 7
 The new evidence, the admissibility of which is doubtful, related only to the authenticity of the receipt and was peripheral to the principal issue of whether Medrano knew the bottles contained cocaine. Medrano testified he had no such knowledge, and the jury did not believe his testimony. It can hardly be said, therefore, that the receipt's authenticity, even if credited, could alter the verdict. There was evidence that the bottles' seals had been broken and that the caps recently had been glued back on; in fact the odor of fresh glue is what led custom inspectors to examine the bottles. Assuming the authenticity of the receipt, which by no means has been established, Medrano may have purchased the seized bottles of rum at the Cali airport and later tampered with them, or purchased two other bottles of rum that he later swapped with the contraband-filled bottles. These possibilities are not inconsistent to any significant extent with the theory of guilt presented at trial by the government and upon which the jury convicted Medrano. Moreover, the jury heard additional evidence that Medrano's conduct at the airport and the circumstances of his travel arrangements met the profile of a drug courier. Judge Hurley thus did not abuse his discretion in denying Medrano's motions.
 
 
 8
 We therefore affirm. The motions for bail pending appeal, appointment of counsel, and to present oral argument are denied as moot.